**MEMO ENDORSED (page 2)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLOBAL SMART COMTRADE PTE LTD.,    :   Case No. 25-cv-8251 (JHR)
                                   :
         Petitioner,               :
                                   :   **MOTION FOR ENTRY**
   against                         :   **OF DEFAULT PURSUANT**
                                   :   **TO FED. R. CIV. P. 55(A)**
CLIPPER BULK SHIPPING LTD.,        :
                                   :
         Respondent.               :
------------------------------------------------------------X

Petitioner, Global Smart Comtrade Pte. Ltd. requests that the Clerk of Court enter default against Respondent, Clipper Bulk Shipping Ltd. pursuant to Fed. R. Civ. P. 55(a).

In support of its request the Petitioner relies upon the record in this matter and the Declaration of Elliott T. Williams.

Dated: New York, NY
       November 10, 2025

                                        LENNON, MURPHY & PHILLIPS, LLC
                                        *Attorneys for Petitioner*
                                        GLOBAL SMART COMTRADE PTE LTD.

                                        By:   ___*Kevin J. Lennon*___
                                              Kevin J. Lennon

                                        Kevin J. Lennon, Esq.
                                        Elliott T. Williams. Esq.
                                        The Graybar Building
                                        420 Lexington Avenue, Suite 300
                                        New York, New York 10170
                                        Tel:       (212) 490-6050
                                        Fax:       (212) 490-6070
                                        E-Mail:    kjl@lmplaw.net
                                                   elliott.williams@lmplaw.net

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Motion for Entry of Default was electronically filed on November 10, 2025, and has been served via email, and also via the Court's CM/ECF system, which shall notify all parties of record, to the following counsel of record:

> Freehill Hogan & Mahar
> *Attorneys for Respondent*
> CLIPPER BULK SHIPPING LTD.
> 80 Pine Street, 25th Floor
> New York, N.Y. 10005-1759
> Attn:   Peter J. Gutowski, Esq.
>            Yaakov U. Adler, Esq.

By:   **_Kevin J. Lennon_**
         Kevin J. Lennon

According to Respondent's Notice of Removal, "the Petition in this action was served on October 2, 2025." ECF No. 1.  Although Respondent later argued that Petitioner "never served its state court application" (referring to the Petition), ECF No. 12 at 2, the Petition was emailed to Respondent on October 2, 2025, ECF No. 11-1 at 1, and Respondent "acknowledge[d] receipt of the [Petition] on . . . the date it removed the action."  *Delaney v. HC2 Inc., et al.*, No. 24 Civ. 6287, ECF No. 31, at 7 (S.D.N.Y. September 13, 2024); *see* ECF No. 1.  Respondent "did not have the option of merely ignoring the [P]etition once [Respondent] removed it to this Court" by claiming that it should be "treated as a motion."  *D.H. Blair & Co. v. Gottdiener*, No. 03 CIV. 2908 (RO), 2003 WL 21991582, at *1 (S.D.N.Y. Aug. 21, 2003) (rejecting argument that respondents "had no obligation to oppose the petition" following removal based on their view that "it was . . . to be treated as a motion and not a complaint"); *see* ECF No. 12 at 1.  Accordingly, pursuant to Federal Rule of Civil Procedure 81(c)(2)(A), Respondent's deadline to respond to the Petition was "21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief."  Here, that date was October 23, 2025.  *See* ECF Nos. 1, 11-1 at 1.  As a one-time accommodation, the Court hereby extends Respondent's deadline to respond to the Petition *nunc pro tunc* to **December 1, 2025**.  By **November 20, 2025**, the parties shall confer and propose a schedule to complete briefing on Petitioner's motion to remand.  Petitioner's application for a Certificate of Default is denied. *See Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) ("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default.").

The Clerk of Court is directed to terminate ECF No. 11.

SO ORDERED.

*/s/ Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: November 17, 2025