**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GLOBAL SMART COMTRADE PTE LTD.,

Petitioner,

-against-

CLIPPER BULK SHIPPING LTD.,

Respondent.

MEMORANDUM DECISION AND ORDER

25 Civ. 08251 (GBD)

GEORGE B. DANIELS, United States District Judge:

Before this Court are Petitioner Global Smart Comtrade PTE LTD ("Global Smart")'s motion to remand the above-captioned action to the Supreme Court of New York, New York County, Commercial Division (the "Motion") and petition to vacate the Interim Award (the "Petition"). Petitioner contends that remand is required because Respondent Clipper Bulk Shipping LTD ("Clipper Bulk") failed to comply with the statutory requirements for removal and because this Court lacks subject-matter jurisdiction. Alternatively, Petitioner seeks vacatur of the Interim Award. Global Smart filed a memorandum of law in support of the Motion on November 5, 2025. Clipper Bulk filed a combined memorandum of law in opposition to the Motion and the Petition on November 21, 2025. Global Smart filed a combined reply memorandum of law in further support of the Motion and the Petition on December 13, 2025.

Because Respondent's omission of the federal Notice of Removal from its initial state-court filing does not warrant remand, and because this Court has subject-matter jurisdiction under 9 U.S.C. § 203 over this action falling under the New York Convention, Petitioner's Motion is DENIED. Petitioner's petition to vacate the Interim Award is DISMISSED because the Interim Award is non-final and therefore may not be vacated at this stage.

## I. PROCEDURAL HISTORY AND BACKGROUND

On November 15, 2023, Petitioner, a business entity organized in Singapore, and Respondent, a business entity organized in The Bahamas, entered into a charter party contract for the carriage of cargo from Louisiana to India. (Interim Award ("Award"), ECF No. 1-5, at 2; Not. of Rem. ("NOR"), ECF No. 1, ¶ 2.) Respondent contends that the carrying vessel deviated from its original route through the Suez Canal and the Red Sea due to ongoing hostilities in the area, increasing the length of the voyage. (Pet. in Sup. of Mtn. to Vac. Arb. Awd. ("PSV"), ECF No. 1-1, ¶ 6.) Respondent asserted that the BIMCO War Risks Clause for Voyage Chartering 2013 ("VOYWAR 2013") was incorporated into the charter party which obliged Petitioner to pay "additional freight" for the costs associated with the route deviation. (*Id.* at ¶ 7.) Petitioner disagreed, contending that it did not agree to the clause relied on by the Respondent. (*Id.* at ¶ 8.) An *ad hoc* arbitration proceeding in New York was convened to resolve the dispute and determine whether Petitioner owes Respondent such "additional freight." (*Id.* at ¶ 4.)

On August 1, 2025, the arbitration panel issued an "Interim Award" which resolved the "threshold issue" as to whether the VOYWAR 2013 clause, as Respondent contended, or the 1952 U.K. Chamber of Shipping War Risks Clause ("Chamber Clause"), as Petitioner argued, was incorporated into the charter agreement. (Award at 2.) The panel found that the VOYWAR 2013 clause was incorporated into the parties' charter agreement, rather than the Chamber Clause. (*Id.* at 4.) The panel went no further than resolving this threshold issue and directed the parties to propose a schedule for further submissions and hearings on "the disputes remaining to be decided in this matter." (*Id.* at 5.)

On October 2, 2025, Petitioner filed a petition in the Supreme Court of New York, New York County, seeking to vacate the interim award pursuant to CPLR §§ 7511(b)(1)(i), 7511(b)(1)(iv), and 7506. (PSV ¶ 1.)

On October 6, 2025, Respondent removed the action to this Court based on federal-question and admiralty jurisdiction pursuant to 9 U.S.C. § 205 and 28 U.S.C. §§ 1333, 1441, and 1446. (NOR at ¶¶ 1-4.) Respondent argues that this Court has federal-question subject-matter jurisdiction because the Award falls under the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") pursuant to 9 U.S.C. § 202. In support, Respondent contends that because the Award arises from a commercial relationship involving performance abroad, has a reasonable relation with a foreign state, and was issued in an arbitration between two foreign entities, the Award is a non-domestic arbitration award subject to the New York Convention. Accordingly, pursuant to 9 U.S.C. § 203, federal district courts have original jurisdiction over such proceedings covered by the New York Convention, regardless of the amount in controversy. (*Id.* ¶ 2.) Respondent additionally contends that this action falls within this court's admiralty jurisdiction under 28 U.S.C. § 1333 because the underlying arbitration agreement was part of the charter agreement which is a maritime contract. (*Id.* at ¶ 3.)

On November 5, 2025, Petitioner filed a motion to remand this case back to New York state court, alleging that Respondent failed to comply with the statutory requirements of 28 U.S.C. § 1446(d) for removal and that this Court lacked subject-matter jurisdiction. (Mot. to Rem., ECF No. 8, ¶¶ 1-2.) Petitioner also seeks attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (*Id.* at ¶ 3.)

## II. LEGAL STANDARDS

### 1. Removal

An arbitration agreement or arbitral award arising out of a commercial legal relationship, whether contractual or not, falls under the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards. 9 U.S.C. § 202. An agreement or award arising out of a relationship entirely between citizens of the United States does not fall under the New York Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. *Id.*

An action or proceeding falling under the New York Convention is deemed to arise under the laws and treaties of the United States, and the federal district courts have original jurisdiction over such an action or proceeding regardless of the amount in controversy. 9 U.S.C. § 203. Where the subject matter of an action or proceeding pending in state court relates to an arbitration agreement or award falling under the New York Convention, the defendant may remove the action or proceeding, at any time before trial, to the federal district court for the district embracing the place where the action or proceeding is pending. 9 U.S.C. § 205.

Promptly after filing a notice of removal in federal court, the removing defendant must provide written notice to all adverse parties and file a copy of the notice of removal with the clerk of the state court. The filing of the notice with the state-court clerk effects removal, after which the state court may proceed no further unless and until the case is remanded. 28 U.S.C. § 1446(d).

An order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

**2. Vacatur**

Where arbitrators issue an interim award that does not purport to finally resolve the issues submitted to them, a petition to vacate that award must be dismissed as premature. *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980) (holding that judicial review was unavailable where the arbitrators' interim ruling did not purport to resolve finally the issues submitted to them and that the district court erred by reaching the merits of the vacatur petition rather than dismissing it as premature); *cf. Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*, 46 F. Supp. 3d 327, 336 (S.D.N.Y. 2014) ("Under the Convention, district courts lack authority to confirm arbitral awards that are not final awards.").

The designation of an award as "interim" is not dispositive. An award is final if it "resolves the rights and obligations of the parties definitively enough to preclude the need for further adjudication with respect to the issue submitted to arbitration." *Ecopetrol*, 46 F. Supp. 3d at 336. An interim award may therefore be final if it requires specific action, does not serve as preparation or a basis for further decisions by the arbitrators, and "finally and conclusively dispose[s] of a separate and independent claim." *Zeiler et al. v. Deitsch et al.*, 500 F.3d 157, 169 (2d Cir. 2007).

## III. PETITIONER'S MOTION TO REMAND IS DENIED

Petitioner's motion to remand is DENIED because Respondent's delayed filing of the Notice of Removal in state court does not warrant remand and this Court has subject-matter jurisdiction over the action.

**1. Respondent's State-Court Filing Was Sufficiently Prompt Under § 1446(d)**

On October 6, 2025, Respondent filed the Notice of Removal in this Court and a separate notice in state court stating that the action had been removed. Although the state-court notice stated that a copy of the federal Notice of Removal was attached, no copy was attached.

Respondent filed the federal Notice of Removal in state court on November 18, 2025, 43 days later. (Mem. in Opp. to Mot. ("MOMR"), ECF No. 15, at 5–7; Decl. of Yaakov U. Adler in Opp. to Mot. to Remand ("Adler Decl."), ECF No. 16, ¶¶ 4–6; ECF Nos. 16-3–16-4.)

Respondent's state-court filing was sufficiently prompt under § 1446(d) and does not require remand. A delay in filing a copy of a notice of removal in state court does not necessarily require remand, particularly where the state court does not proceed with the merits after receiving notice of the removal and the opposing party suffers no prejudice from the delay. *See Ynoa v. Kutner*, No. 10 Civ. 5398 (NRB), 2011 WL 1796320, at *2 (S.D.N.Y. May 4, 2011) (concluding that, under the circumstances presented, a month-and-a-half delay satisfied § 1446(d) where the state court took no action during the delay and the plaintiff did not claim prejudice); *see also Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 247–48 (S.D.N.Y. 2000) (holding that a 36-day delay in filing the notice of removal with the state court did not warrant remand because the delay was "relatively short," the state court took no action between removal and notice, and the defect was harmless and non-jurisdictional).

Here, Respondent's October 6, 2025, state-court notice identified federal-question and admiralty jurisdiction under 28 U.S.C. §§ 1331 and 1333 as grounds for removal. Respondent also informed the state court's Part Clerk that the action was being removed pursuant to 9 U.S.C. § 205. (MOMR at 5; Adler Decl. Ex. 2, ECF No. 16-2; Ex. 3, ECF No. 16-3.) The Part Clerk acknowledged receipt of the notice and canceled the hearing scheduled for that afternoon. Later that day, the state court entered an order stating that the action had been removed to this Court and was discontinued. (MOMR at 5; Adler Decl. Ex. 5, ECF No. 16-5; Ex. 6, ECF No. 16-6.) The state court therefore had notice of the removal and did not proceed further on the merits. The purpose of filing the federal Notice of Removal with the state court—to notify the state court that

it may no longer proceed with the action—was thus satisfied. *See U.S. ex rel. Echevarria v. Silberglitt*, 441 F.2d 225, 227 (2d Cir. 1971) (declining to treat the defendant's failure formally to file the removal petition with the state-court clerk as precluding removal where the state judge had been informed of the removal). Petitioner also identifies no prejudice caused by Respondent's delay in filing the federal Notice of Removal in state court. Under these circumstances, the delayed state-court filing does not require remand.

**2. This Court Has Subject-Matter Jurisdiction**

The Award falls under the New York Convention because it arises out of a commercial legal relationship that is not entirely between citizens of the United States. 9 U.S.C. § 202. Petitioner is a Singapore business entity, Respondent is a business entity organized under the laws of The Bahamas, and the parties' charter contract provided for the carriage of cargo from Louisiana to India. (NOR ¶ 2.) Accordingly, this action seeking vacatur of the Award is deemed to arise under the laws and treaties of the United States, and this Court has original jurisdiction under 9 U.S.C. § 203, and removal was proper under 9 U.S.C. § 205. See *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Insurance Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (explaining that § 203 provides federal jurisdiction over actions to confirm or vacate an arbitral award governed by the New York Convention). The Award's nonfinality does not deprive this Court of subject-matter jurisdiction. Rather, it limits this Court's authority to vacate the Award at this stage. *See Ecopetrol S.A. v. Offshore Exploration & Production LLC*, 46 F. Supp. 3d 327, 335–36 (S.D.N.Y. 2014) (concluding that the action arose under the New York Convention and separately considering whether the arbitral award was final). Remand is therefore not warranted. This Court has subject-matter jurisdiction under § 203. Therefore, it need not reach Respondent's alternative contention

that admiralty jurisdiction exists under 28 U.S.C. § 1333. Because remand is denied, Petitioner's request for fees and costs pursuant to 28 U.S.C. § 1447(c) is also DENIED.

## IV. PETITIONER'S REQUEST TO VACATE THE AWARD IS DISMISSED

The Award that Petitioner seeks to vacate is not a final award. An arbitral award is final "if it resolves the rights and obligations of the parties definitively enough to preclude the need for further adjudication with respect to the issue submitted to arbitration." *Ecopetrol*, 46 F. Supp. 3d at 336. An award labeled "interim" may nonetheless be final if it requires specific action, does not serve as preparation or a basis for further decisions by the arbitrators, and "finally and conclusively dispose[s] of a separate and independent claim." *Zeiler*, 500 F.3d at 169.

Here, Petitioner itself acknowledges that "[t]he interim award did not resolve [Clipper's] claim, nor any of GS Comtrade's defenses, and instead, by its very terms will serve only as preparation for further decisions by the Panel." (Mem. in Supp. of Mot. to Rem. ("Pet. Mem."), ECF No. 9, at 6.) That characterization is consistent with the Interim Award. The Award resolved only the "threshold issue" of whether the VOYWAR 2013 clause was incorporated into the charter party. (Award at 2, 4.) The panel expressly remained constituted "to hear and determine any other matter" within its jurisdiction and directed the parties to propose a schedule for submissions and hearings on "the disputes remaining to be decided in this matter." (Id. at 4–5.) The Award did not resolve Respondent's claim for additional freight, liability under VOYWAR 2013, or damages. (Pet. Mem. at 6–7.) Those unresolved matters go to the core of the parties' dispute. Indeed, Petitioner itself characterizes the Interim Award as "a non-final preparatory step." (*Id.* at 7.) Accordingly, the Award does not finally and conclusively dispose of a separate claim and instead will serve as a basis for further decisions by the panel. Both parties agree that the Award left liability and damages unresolved and contemplated further arbitral proceedings. The Award is

therefore non-final. Petitioner's reliance on New York law does not alter this conclusion because New York courts likewise lack authority to review interlocutory arbitral rulings. *See Mobil Oil Indonesia Inc. v. Asamera Oil (Indonesia) Ltd.*, 43 N.Y.2d 276, 281–82 (1977).

Where arbitrators issue an interim ruling that does not purport to resolve finally the issues submitted to them, the district court may not reach the merits of a petition to vacate that ruling. *Michaels*, 624 F.2d at 414. In *Michaels*, the arbitration panel resolved liability on several counterclaims but left damages, the petitioner's claims, and another counterclaim for further proceedings. *Id.* at 412–13. The Second Circuit held that the district court erred by reaching the merits of the vacatur petition and should instead have dismissed it as premature. *Id.* at 414.

Given that the Interim Award does not purport to resolve finally the issues submitted to arbitration, this Court may not reach the merits of Petitioner's asserted grounds for vacatur. Petitioner's motion to vacate is therefore DISMISSED as premature.

## V. CONCLUSION

Petitioner's motion to remand this action to the Supreme Court of New York, New York County is DENIED. Petitioner's application to vacate the Interim Award is DISMISSED as premature. The Clerk of Court is directed to terminate the open motion at ECF No. 8, enter judgment accordingly, and close this case.

Dated: AUG 06 2026
New York, New York

SO ORDERED.

George B. Daniels
GEORGE B. DANIELS
United States District Judge